Matter of Del Monaco v Diamond (2018 NY Slip Op 04652)





Matter of Del Monaco v Diamond


2018 NY Slip Op 04652


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6942N 652966/15

[*1] In re John Del Monaco, etc., et al., Petitioners-Respondents,
v
Warren Diamond, Respondent-Appellant, American Self-Storage Management Association LLC, et al., Nominal Defendants.


Brief Carmen & Kleiman, LLP, New York (Ira Kleiman of counsel), for appellant.
Friedman Kaplan Seiler & Adelman LLP, New York (Bruce S. Kaplan Of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 25, 2017, which found respondent to be in civil contempt of court, and ordered him to return misappropriated funds as directed, unanimously affirmed, with costs, and, nostra sponte, sanction respondent (22 NYCRR 130-1.3) in the amount of $10,000, payable to the Clerk of Supreme Court, New York County, for transmittal to the Commissioner of Taxation and Finance.
Supreme Court confirmed an arbitration panel's determinations that respondent misappropriated more than $2 million in corporate funds, should be enjoined from removing any cooperate assets, and must pay petitioner's costs and fees. The court ordered respondent to make full restitution, and to pay the costs and fees by a date certain. In addition, petitioner served respondent with restraining notices which prohibited his transfer of corporate funds or property until judgment was paid. Not only did respondent thereafter fail to make payment as mandated by the court, he admittedly misappropriated corporate funds and deposited them in accounts he maintained exclusively for that sole purpose. Under these circumstances, Supreme Court providently exercised its discretion by holding respondent in civil contempt for admittedly violating the terms of the court's judgment, as well as several restraining notices.
Respondent's argument that despite the court's order holding him liable and directing him to repay the misappropriated funds, petitioner was responsible for enforcing the judgment by levying on the jointly-held companies is without merit on its face. Nor did the court's mandates impinge upon respondent's right to arbitration of corporate disputes, as it is hornbook law that the civil contempt order vindicated petitioner's rights under the court's judgments and the restraining notices (see Matter of McCormick v Axlerod , 59 NY2d 574, 582-583 [1983]).
The broad pattern of respondent's conduct, evidenced by the record, amply shows his disregard of the court's authority (see Levy v Carol Mgt. Corp. , 260 AD2d 27, 33 [1st Dept 1999]). Even though respondent concedes to wilfully violating the court's mandates, his appellate brief argues - with no support in the record - that petitioner's motive in seeking contempt penalties was improper. Under these circumstances, in the exercise of discretion, we, nostra sponte, impose frivolous appeal sanctions (22 NYCRR 130-1.3) against respondent of $10,000, payable to the Clerk of Court for transmittal to the Commissioner of Taxation and Finance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK